# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TUNISIA LARK, as Personal Representative
of the ESTATE OF MARLEON JOHNSON

              Plaintiff,            Case No.  1:24-cv-144

-vs-                                  Hon.

SHARNE THOMAS, DAVID VANWINKLE,
ZACHARY DEFOUW, JESSICA VARAO,
GABRIEL NEVINS, JUSTIN WALL, KENDRICK
FOSTER, SELINA HUNTER in their individual
capacities, MUSKEGON COUNTY, and
HEALTH WEST, LLC

              Defendants.

---

Michael L. Jones (P85223)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5728
michael@markolaw.com
devynn@markolaw.com

---

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, Tunisia Lark, as personal representative of the Estate of

Marleon Johnson, deceased, by and through his attorneys, MARKO LAW, PLLC, and for

her complaint hereby states as follows:

1
PLAINTIFF'S COMPLAINT FOR DAMAGES
*Lark v. Thomas, et al*                                      Michael L. Jones, Esq.
Case No.:                                                 Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

## INTRODUCTION

1.     This is a civil rights action in which Plaintiff, TUNISIA LARK, as Personal Representative for the Estate of Marleon Johnson, seeks relief and all damages that flow from Defendants' violations of decedent Marleon Johnson's rights, privileges, and immunities as secured by the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983.

2.     The government has an obligation to provide medical care to incarcerated persons. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

3.     Marleon Johnson (Decedent) died on December 11, 2021, as a result of Defendants' deliberate indifference to Plaintiff's serious health condition while he was under the care and custody of the Muskegon County Sheriff's Office located in Muskegon, Michigan.

4.     On behalf of the Estate of Marleon Johnson, as the Personal Representative thereof, TUNISIA LARK seeks all relief appropriate and allowable resulting from the constitutional violations Defendants inflicted upon Marleon Johnson.

5.     As part of the aforementioned relief, Plaintiff TUNISIA LARK seeks damages for the Estate, including any and all damages recoverable under the Michigan Wrongful Death Act, MCL § 600.2922 and 42 U.S.C. §§ 1983 and 1988, attorney fees and costs, and any further relief the Court deems proper.

## JURISDICTION AND VENUE

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                              Michael L. Jones, Esq.
Case No.:                                                                  Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

6.     Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, and jurisdiction is therefore proper pursuant to 28 U.S.C. § 1331.

7.     Venue is proper in this District under 28 U.S.C. § 1391.  The parties reside, or at the time the events took place, resided in this judicial district, and the events giving rise to Plaintiffs' claims also occurred in this judicial district.

## **PARTIES**

8.     Plaintiff TUNISIA LARK is the duly appointed Personal Representative of the Estate of Marleon Johnson, attached hereto as Exhibit 1.

9.     Defendant SHARNE JOHNSON was a medical assistant at Muskegon County Jail through HealthWest, which is located in the Southern Division of the Western District of Michigan during all times relevant times.  She is sued in her individual capacity.

10.     Defendant DR. DAVID VanWINKLE was a physician at Muskegon County Jail through HealthWest, which is located in the Southern Division of the Western District of Michigan during all times relevant. He is sued in his individual capacity.

11.     Defendant ZACHARY DeFOUW was an EMT through HealthWest and worked at the Muskegon County Jail since August 2021. On December 10, 2021, he worked from 1:00 p.m. to 12:30 a.m. He is sued in his individual capacity.

12.     Defendant JESSICA VARAO was a medical assistant through

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

HealthWest and worked at the Muskegon County Jail since July 2021. On December 10, 2021, Defendant Varao worked from 1:00 p.m. to 11:15 p.m. She is sued in her individual capacity.

13.     Defendant GABRIEL NEVINS worked as a Corrections Officer at the Muskegon County Jail, which is located in the Southern Division of the Western District of Michigan during all times relevant.  He is sued in his individual capacity.

14.     Defendant JUSTIN WALL worked as a Corrections Officer at the Muskegon County Jail, which is located in the Southern Division of the Western District of Michigan during all times relevant.  He is sued in his individual capacity.

15.     Defendant KENDRICK FOSTER worked as a Corrections Officer at the Muskegon County Jail, which is located in the Southern Division of the Western District of Michigan during all times relevant.  He is sued in his individual capacity.

16.     Defendant SELINA HUNTER worked as a Corrections Officer at the Muskegon County Jail, which is located in the Southern Division of the Western District of Michigan during all times relevant.  She is sued in his individual capacity.

17.     Defendant MUSKEGON COUNTY is a political subdivision of the State of Michigan duly organized to conduct governmental functions pursuant to the laws of Michigan. One of those functions being to organize, operate, staff, and supervise its detention center known as Muskegon County Jail.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                                          Michael L. Jones, Esq.
Case No.:                                                                        Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

18.     Defendant HEALTHWEST is a behavioral health clinic in the County of Muskegon, Michigan, organized to provide community mental health services and substance misuse treatment.

## FACTUAL ALLEGATIONS REGARDING
## THE DEATH OF MARLEON JOHNSON

19.     Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

20.     It is the policy of the Muskegon County Sheriff's Office to establish and maintain a written policy, procedure, and practice which provides that all persons injured in an incident receive immediate medical examination and treatment.

21.     The purpose of the policy is to provide immediate medical care when needed.

22.     Muskegon County Jail policy mandates the provision of quality health care, including medical, psychiatric, and dental, to inmates of the Muskegon County Jail, and immediate medical attention and treatment for anyone in need.

23.     Any staff member coming upon an acute emergency shall request assistance and notify the shift command to advise of the situation.

24.     The shift commander shall request an ambulance and/or fire department if necessary.

25.     Hackley Hospital shall be used for all acute emergencies.

26.     Defendants Muskegon County and Healthwest were deliberately indifferent to Marleon Johnson based on the inadequacy of its training program for jail employees.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                                                    Michael L. Jones, Esq.
Case No.:                                                                                      Jon R. Marko, Esq.

MARKO LAW

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7-LAW
F: (313) 771-5785

MARKO LAW.COM

27.     On December 10, 2021, Marleon Johnson was held at the Muskegon County Jail for a CCW warrant by the City of Muskegon Police Department.

28.     Johnson told Defendants Kendrick Foster and Justin Wall he swallowed crack cocaine.

29.     Defendant Selina Hunter overheard Foster and Wall's conversation that Johnson swallowed crack and knew Johnson stated he swallowed crack.

30.     Foster also told Defendant Jessica Varao that Johnson swallowed crack cocaine.

31.     Varao knew that Johnson said he swallowed crack.

32.     Defendant Varao then told Defendant Zach DeFouw that Johnson swallowed crack cocaine.

33.     DeFouw knew Johnson stated he swallowed crack.

34.     Around 11:04 p.m., DeFouw called Defendant Dr. VanWinkle and advised Dr. Van Winkle that Johnson ingested crack cocaine, had been sweating profusely and vomiting.

35.     Johnson should have immediately been taken to Hackley Hospital.

36.     Other inmates observed Marleon twitching in his cell and vomiting. They told the guards and Defendant Thomas Marleon did not look well and needed to go to the hospital.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                          Michael L. Jones, Esq.
Case No.:                                                        Jon R. Marko, Esq.

37.     Dr. VanWinkle admitted that Johnson should have been immediately transported to the hospital when staff learned he ingested drugs.

38.     Upon information and belief, Dr. Van Winkle never advised that Johnson should go to the hospital.

39.     At 1:00 a.m. on December 21, 2021, Thomas checked on Johnson.

40.     At 3:00 a.m. Thomas called the front desk of the jail because she needed to check on Johnson. Wall told her they were too busy at that time, and he would call her back.

41.     At 4:32 a.m., Wall called Sgt. Schmidt saying Marleon was not breathing.

42.     At 5:18 a.m., Dr. Whitaker from Mercy Emergency Room pronounced Marleon dead.

43.     On December 12, 2021, Dr. Amanda O. Fisher-Hubbard of the Western Michigan Department of Pathology performed an autopsy on Marleon. The cause of death: combined toxic effects of fentanyl, acetyl fentanyl, hydrocodone, diphenhydramine, and chlorpheniramine.

44.     Had Defendants, each and every one of them, immediately transferred Johnson to the hospital, he would still be alive today.

### DEFENDANT SHARNE THOMAS

45.     Plaintiff by reference, incorporates the preceding paragraphs as though fully set forth herein.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                    Michael L. Jones, Esq.
Case No.:                                                 Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

46.     At all times relevant to this Complaint, Defendant Sharne Thomas was

a medical assistant at Muskegon County Jail through HealthWest.

47.     At all times relevant, Defendant Thomas had a constitutional duty to

ensure the health and safety of inmates at Muskegon County Jail, including Marleon.

48.     On December 10, 2021, she started her shift at the jail at 8:30 p.m.

49.     Defendants Varao and Defouw informed Thomas that Defendant

VanWinkle prescribed Marleon Amlodipine, and Defendant Thomas needed to give it to

him during withdrawal checks around 11:00 p.m.

50.     Defendant Thomas first contacted Marleon on December 10, 2021, at

11:30 p.m. Marleon's blood pressure at this time was 140/100. She gave him 5mg of

Amlodipine for his high blood pressure, and 8mg of Zofran for dizziness and vomiting.

51.     Defendant Thomas then watched Marleon go back into his cell and

vomit, clearly indicating a serious need for medical attention. She called Defendant

VanWinkle and informed him that Marleon had thrown up.

52.     Defendant Dr. VanWinkle told Defendant Thomas to check on Marleon

every two hours due to his high blood pressure.

53.     Upon information and belief, at approximately 11:00 p.m. Defendant

DeFouw told Defendant Thomas that Johnson had ingested crack.

54.     Any staff who knew Marleon had ingested drugs should have

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                                                          Michael L. Jones, Esq.
Case No.:                                                                                        Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

immediately initiated a transfer to the hospital. Rather than initiating a transfer, Defendant Thomas instead chose to continue withdrawal checks.

55.    At approximately 1:04 a.m. on December 11, 2021, Defendant Thomas and Defendant Nevins checked on Marleon. According to Defendant Nevin's body camera footage, Marleon was unconscious, but still breathing. Marleon's breathing was abnormal—he only breathed once every 5–7 seconds.

56.    Defendant Nevin's body camera footage also shows that Defendant Thomas told Defendant Nevins that Marleon "did crack cocaine earlier" and she needed to ensure he did not go into cardiac arrest.

57.    Defendant Thomas claimed Johnson's blood pressure was 138/98 at this time, though she did not log the check because she was behind on paperwork.

58.    Johnson did not report new symptoms to Defendant Thomas because he was unconscious.

59.    Defendants Thomas and Nevins watched as Johnson struggled to breathe. Despite his obvious distress, Defendant Thomas failed to intervene or call for necessary medical treatment.

60.    Instead, when Johnson finally took a breath, Thomas stated, "guess he's alive," and left the cell.

61.    Defendant Thomas failed to check on Johnson at 3:00 a.m.

62.    At 4:00 a.m., deputies asked Defendant Thomas if she wanted to check

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                          Michael L. Jones, Esq.
Case No.:                                                        Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

on Johnson before screening the new bookings. Thomas refused to check on Johnson.

63.     At 4:31 a.m., Defendant Thomas finally checked on Johnson, over an hour and a half later than jail policy required her to.

64.     Johnson was not breathing and did not have a pulse.

65.     The deputies asked Defendant Thomas for direction, and she said she did not know what to do.

66.     Defendant Thomas could not find the Automated External Defibrillator (AED); deputies had to find it.

67.     Defendant Thomas did not assist with chest compressions, deputies also had to do that.

68.     When Defendant Thomas attempted to use the AED, it did not have any pads. Moreover, when the deputies opened the AED, it said "low battery" so it could not be used. HealthWest Staff, including Defendant Thomas, were responsible for maintaining adequate medical supplies.

69.     As a direct and proximate result of Defendant Thomas's deliberate indifference, to Marleon's constitutional rights, as set forth herein, Marleon was never transported to the hospital to receive life-saving medical treatment.

70.     As a direct and proximate result of Defendant Thomas's deliberate indifference to Marleon's constitutional rights, as set forth herein, Marleon died alone in his cell on December 11, 2021.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                      Michael L. Jones, Esq.
Case No.:                                                    Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKOLAW

## DEFENDANT ZACHARY DeFOUW

71.     Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

72.     At all times relevant to this Complaint, Defendant DeFouw was an EMT at Muskegon County Jail through HealthWest.

73.     At all times relevant, Defendant DeFouw had a constitutional duty to ensure the health and safety of inmates at Muskegon County Jail, including Marleon.

74.     Defendant DeFouw knew that Marleon ingested crack.

75.     On December 10, 2021, Defendant DeFouw worked from 1:00 p.m. to 12:30 a.m.

76.     Defendant DeFouw performed vitals on Marleon at 3:00 p.m. on December 10, 2021. At this time, Johnson had elevated blood pressure to 160/120.

77.     After Defendant Thomas checked on Marleon at 11:30 p.m., Defendant DeFouw went to get a second blood pressure reading because the first one was high.

78.     Johnson told Defendant DeFouw that his symptoms started when deputies removed him from the first cell, at about 10:54 p.m.

79.     According to Defendant DeFouw, Johnson "was not looking good at this time." Johnson was noticeably sweating.

80.     Rather than initiate a transfer to the hospital, Defendant DeFouw

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

called Defendant VanWinkle, who instructed him to give Johnson Zofran. Defendant VanWinkle also placed Marleon on two-hour checks for blood pressure.

81.     While Defendant DeFouw spoke to Defendant VanWinkle on the phone, Defendant Varao received a call from the guards that Marleon said "he had injected crack by IV."

82.     Defendant DeFouw claimed he told Defendant VanWinkle of this ingestion.

83.     Defendant DeFouw failed to initiate a transfer to the hospital, despite knowing that Johnson ingested crack.

84.     As a direct and proximate result of Defendant DeFouw's deliberate indifference, to Johnson's constitutional rights, as set forth herein, Johnson was never transported to the hospital to receive life-saving medical treatment.

85.     As a direct and proximate result of Defendant DeFouw's deliberate indifference to Marleon's constitutional rights, as set forth herein, Marleon died alone in his cell on December 11, 2021.

## DEFENDANT DAVID VanWINKLE, MD.

86.     Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

87.     At all times relevant to this Complaint, Defendant VanWinkle was a physician at Muskegon County Jail through HealthWest.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                                                    Michael L. Jones, Esq.
Case No.:                                                                                          Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

88.     At all times relevant, Defendant VanWinkle had a constitutional duty to ensure the health and safety of inmates at Muskegon County Jail, including Marleon.

89.     Defendant VanWinkle knew that Marleon ingested drugs.

90.     On December 10, 2021, and December 11, 2021, HealthWest staff called Defendant VanWinkle several times to ask for medical guidance.

91.     During one of these calls at 11:04 p.m. on December 10, 2021, Defendant DeFouw told Defendant VanWinkle that Marleon ingested crack cocaine.

92.     Defendant VanWinkle also knew that Marleon was sweating profusely, vomiting, and feeling sick.

93.     Defendant VanWinkle did not initiate a hospital transfer, despite knowing that Marleon ingested crack, and experienced concerning symptoms.

94.     Instead, Defendant VanWinkle simply prescribed nausea medication and a second dose of Amlodipine.

95.     Defendant VanWinkle subsequently admitted that any staff who knew Johnson ingested crack needed to immediately initiate a transfer to the hospital.

96.     As a direct and proximate result of Defendant VanWinkle's deliberate indifference to Marleon's constitutional rights, as set forth herein, Johnson was never transported to the hospital to receive life-saving medical treatment.

97.     As a direct and proximate result of Defendant VanWinkle's deliberate

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

MARKO LAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

indifference to Marleon's constitutional rights, as set forth herein, Marleon died alone in his cell on December 11, 2021.

### DEFENDANT JESSICA VARAO

98.     Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

99.     At all times relevant to this Complaint, Defendant Varao was a medical assistant at Muskegon County Jail through HealthWest.

100.    At all times relevant, Defendant Varao had a constitutional duty to ensure the health and safety of inmates at Muskegon County Jail, including Marleon.

101.    Upon information and belief, Defendant Varao knew that Marleon had ingested crack.

102.    On December 10, 2021, Defendant Varao was scheduled to work from 1:00 p.m. to 11:30 p.m. She clocked out at 11:15 p.m.

103.    At approximately 11:00 p.m. on December 10, 2021, Deputy Wall called the medical office and informed Defendant Varao that Marleon ingested crack cocaine prior to coming to jail/getting arrested.

104.    Defendant Varao relayed this information to Defendant DeFouw who then told Defendant VanWinkle.

105.    Regardless of this knowledge, Defendant Varao failed to initiate a hospital transfer for Marleon, as required by jail policy.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*
Case No.:

Michael L. Jones, Esq.
Jon R. Marko, Esq.

106.    As a direct and proximate result of Defendant Varao's deliberate indifference, to Marleon's constitutional rights, as set forth herein, Marleon was never transported to the hospital to receive life-saving medical treatment.

107.    As a direct and proximate result of Defendant Varao's deliberate indifference to Marleon's constitutional rights, as set forth herein, Marleon died alone in his cell on December 11, 2021.

108.    If Defendant Varao followed the policy that required staff to transfer inmates like Marleon to the hospital, Marleon would still be alive today.

## DEFENDANT GABRIEL NEVINS

109.    Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

110.    At all times relevant to this Complaint, Defendant Nevins was a corrections officer at Muskegon County Jail.

111.    At all times relevant, Defendant Nevins had a constitutional duty to ensure the health and safety of inmates at Muskegon County Jail, including Marleon.

112.    Defendant Nevins knew that Marleon ingested crack.

113.    On December 10, 2021, through December 11, 2021, Defendant Nevins was assigned to Master Control. He trained Defendant Hunter during this shift.

114.    At approximately 1:04 a.m. on December 11, 2021, Defendant Nevins escorted Defendant Thomas to Marleon's cell to check his blood pressure.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                                          Michael L. Jones, Esq.
Case No.:                                                                              Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

115.    Defendant Nevins called out to Marleon, but Marleon did not respond.

116.    Defendant Nevins nudged Marleon with his foot and tapped his hand. Marleon did not respond to either.

117.    Defendant Nevins held Marleon's extended arm and Defendant Thomas took his blood pressure.

118.    While Defendants took Marleon's blood pressure, he breathed slowly. He repeatedly took a breath, paused for a moment, and then exhaled.

119.    Defendant Nevins asked Defendant Thomas if Johnson had sleep apnea. Defendant Thomas replied, "I don't know."

120.    Defendant Thomas then told Defendant Nevins that Johnson "did crack cocaine earlier and she needed to ensure he didn't go into cardiac arrest."

121.    Both Defendant Nevins and Defendant Thomas watched as Johnson struggled to breathe.

122.    Defendant Nevins watched as Defendant Thomas manually took Johnson's pulse.

123.    Defendant Nevins flippantly said, "he hasn't breathed so…" and then chuckled. When Johnson finally took another breath, Defendant Nevins said, "there ya go." Defendant Thomas stated, "guess he's still alive."

124.    Despite Johnson's obvious distress, neither Defendant Nevins nor Defendant Thomas initiated the necessary hospital transfer.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

125.    At 2:15 a.m. on December 11, 2021, Defendant Nevins conducted a cell check on Johnson by merely looking into the cell.

126.    Hours after Defendant Nevins learned that Johnson ingested drugs, Defendant Wall called Master Control for assistance at 4:33 a.m. Defendant Wall informed Defendant Nevins that Johnson stopped breathing and did not have a pulse.

127.    Defendant Nevins entered Johnson's cell and tried to get a response from Marleon.

128.    Defendant Nevins told Defendant Wall that Defendant Thomas needed to bring Narcan.

129.    Defendant Nevins and Defendant Foster flipped Marleon on to his back. Defendant Nevins administered a sternum rub to get a response, but it did not work.

130.    Defendant Nevins observed a brown fluid secreting from Marleon's mouth.

131.    At 4:41 a.m. paramedics arrived and took over.

132.    Defendant Nevins knew Johnson ingested drugs, yet he did not initiate a transfer to the hospital.

133.    As a direct and proximate result of Defendant Nevins' deliberate indifference, to Johnson's constitutional rights, as set forth herein, Johnson was never transported to the hospital to receive life-saving medical treatment.

134.    As a direct and proximate result of Defendant Nevins' deliberate

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

indifference to Johnson's constitutional rights, as set forth herein, Johnson died alone in his cell on December 11, 2021.

135.    Had Defendant Nevins followed the policy that required staff to transfer inmates like Johnson to the hospital, Johnson would still be alive today.

## DEFENDANT JUSTIN WALL

136.    Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

137.    At all times relevant to this Complaint, Defendant Wall was a corrections officer at Muskegon County Jail.

138.    At all times relevant, Defendant Wall had a constitutional duty to ensure the health and safety of inmates at Muskegon County Jail, including Marleon.

139.    Defendant Wall knew that Johnson had ingested crack.

140.    On the night of December 10, 2021, to the morning of December 11, 2021, Defendant Wall worked with Defendant Foster.

141.    At approximately 11:00 p.m., Johnson told Defendant Foster that he "swallowed some crack."

142.    Defendant Foster asked Defendant Wall to notify medical staff about this information. Defendant Wall called Defendant Varao and told her.

143.    At 11:43 a.m. and 1:49 a.m. Defendant Wall looked into Marleon's cell for a cell check.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                                                                      Michael L. Jones, Esq.
Case No.:                                                                                                         Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

144.    At approximately 1:06 a.m. Defendant Wall stood at the door while Defendant Nevins and Defendant Thomas check Marleon's blood pressure.

145.    At this time, Marleon clearly struggled to breathe.

146.    At 3:05 a.m. Defendant Thomas called and said she needed to complete her medical screenings. Defendant Wall told her to come back in 15 minutes.

147.    At approximately 4:31 a.m. Defendant Thomas and Defendant Foster entered Johnson's cell for a medical screening. Defendant Foster exited the cell and told Defendant Wall that Marleon did not have a pulse and was not breathing.

148.    Defendant Wall then called Sergeant Schmidt.

149.    Defendant Wall was one of the first staff members to learn that Johnson ingested crack, yet he did not initiate a hospital transfer.

150.    Moreover, Defendant Wall observed Johnson struggling to breathe.

151.    As a direct and proximate result of Defendant Wall's deliberate indifference, to Johnson's constitutional rights, as set forth herein, Johnson was never transported to the hospital to receive life-saving medical treatment.

152.    As a direct and proximate result of Defendant Wall's deliberate indifference to Johnson's constitutional rights, as set forth herein, Johnson died alone in his cell on December 11, 2021.

153.    Had Defendant Wall followed the policy that required staff to transfer inmates like Marleon to the hospital, Marleon would still be alive today.

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                          Michael L. Jones, Esq.
Case No.:                                                        Jon R. Marko, Esq.

## DEFENDANT KENDRICK FOSTER

154. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth herein.

155. At all times relevant to this Complaint, Defendant Foster was a corrections officer at Muskegon County Jail.

156. At all times relevant, Defendant Foster had a constitutional duty to ensure the health and safety of inmates at Muskegon County Jail, including Marleon.

157. On December 10, 2021, Defendant Foster worked with Defendant Wall in booking.

158. Defendant Foster first knew that Marleon had ingested crack because Johnson told him directly.

159. At approximately 10:50 p.m. on December 10, 2021, Defendant Foster escorted Defendant Thomas to pass out medications.

160. Johnson took the medication Thomas gave him, and immediately vomited.

161. Defendant Thomas then checked Johnson's blood pressure and said it was high.

162. At this time, Johnson told Defendant Foster and Defendant Thomas that he felt lightheaded and sick to his stomach. Marleon was sweating profusely and said he did not want to return to his cell because he felt too sick.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                    Michael L. Jones, Esq.
Case No.:                                                 Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

163.    Johnson was distressed, as evidenced on Defendant Foster's body camera footage, stating, "bro, I can't bro. I'm telling you. I'm just gonna take a seat right here. I'm telling you. I don't know what to do, sir. You hear me? You all gotta take me down to the emergency room."

164.    Johnson told Defendant Foster he needed to see the Sergeant and **go to the hospital.**

165.    Johnson told Defendant Foster he swallowed some drugs before he arrived at the jail.

166.    Defendant Foster told Johnson he will probably have to go to the hospital to get the drugs out of him.

167.    Defendant Foster told Defendant Wall to call the medical staff and tell them that Marleon ingested drugs.

168.    Defendant Foster and Defendant Wall moved Johnson into his own cell.

169.    Defendant Foster was the first correction officer to know that Johnson ingested drugs.

170.    Further, Johnson explicitly told Defendant Foster he needed to go to the hospital.

171.    Yet, Defendant Foster did not initiate a hospital transfer as jail policy required, and as Johnson directly asked him to do.

172.    As a direct and proximate result of Defendant Foster's deliberate

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                                    Michael L. Jones, Esq.
Case No.:                                                                     Jon R. Marko, Esq.

indifference, to Johnson's constitutional rights, as set forth herein, Johnson was never

transported to the hospital to receive life-saving medical treatment.

173.    As a direct and proximate result of Defendant Foster's deliberate

indifference to Johnson's constitutional rights, as set forth herein, Marleon died alone in

his cell on December 11, 2021.

174.    Had Defendant Foster followed the policy that required staff to transfer

inmates like Johnson to the hospital, Johnson would still be alive today.

### DEFENDANT SELINA HUNTER

175.    Plaintiff hereby incorporates the preceding paragraphs by reference as

though fully set forth herein.

176.    At all times relevant to this Complaint, Defendant Hunter was a

corrections officer at Muskegon County Jail.

177.    At all times relevant, Defendant Hunter had a constitutional duty to

ensure the health and safety of inmates at Muskegon County Jail, including Marleon.

178.    Upon information and belief, Defendant Hunter worked with

Defendant Nevins in Master Control on December 10, 2021, through December 11, 2021.

179.    Upon information and belief, Defendant Hunter knew that Johnson

ingested drugs.

180.    Defendant Hunter's body camera footage shows that she stood near

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Lark v. Thomas, et al*                                                                                Michael L. Jones, Esq.
Case No.:                                                                                                       Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

Johnson when Defendant Foster and Defendant Wall discussed how much crack Johnson swallowed.

181.    Moreover, Defendant Hunter was visible from Defendant Foster's viewpoint when he told Defendant Nevins that Johnson ingested crack.

182.    Despite this knowledge, Defendant Hunter did not initiate a hospital transfer as jail policy required.

183.    As a direct and proximate result of Defendant Hunter's deliberate indifference, to Johnson's constitutional rights, as set forth herein, Johnson was never transported to the hospital to receive life-saving medical treatment.

184.    As a direct and proximate result of Defendant Hunter's deliberate indifference to Johnson's constitutional rights, as set forth herein, Marleon died alone in his cell on December 11, 2021.

185.    Had Defendant Hunter followed the policy that required staff to transfer inmates like Johnson to the hospital, Johnson would still be alive today.

### <u>COUNT I - 42 U.S.C. § 1983</u>
**FOURTEENTH AMENDMENT**
(Against Individual Defendants)

186.    Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

187.    Section 1 of the Civil Rights Act of 1871, codified as 42 U.S.C. § 1983, establishes a federal cause of action for constitutional violations inflicted by state actors.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                                        Michael L. Jones, Esq.
Case No.:                                                                              Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

188. Pretrial detainees bring § 1983 claims under the Fourteenth Amendment's Due Process Clause.

189. The government has an obligation to provide medical care to incarcerated persons. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

190. Since jail employees and other state agents are responsible for the care of detainees, allowing them to dodge liability for a failure that results in death is unfair and disincentivizes medically sound and humane treatment of prisoners.

191. Marleon Johnson had the right to not have his life-threatening medical needs ignored.

192. Decedent was entitled to all rights, privileges, and immunities accorded to all incarcerated citizens of the State of Michigan and the United States.

193. At all times relevant, Defendants were acting within the course and scope of their employment with the State of Michigan and the Department of Corrections and/or Muskegon County jail and were acting under color of state law with the authority granted to them as corrections officers or correctional health care providers.

194. Pursuant to the Fourteenth Amendment of the United States Constitution, Marleon Johnson had a right to be free from cruel and unusual punishment while incarcerated and under the custody and control of the State of Michigan at Muskegon County Jail.

195. At all times, Defendants, with malice, recklessness, and/or deliberate

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                           Michael L. Jones, Esq.
Case No.:                                                        Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

indifference, kept Mr. Johnson isolated in a cell without adequate attention or medical care, with knowledge that he ingested drugs, vomited, and had difficulty breathing.   The aforementioned, combined in whole or in part to cause pain, suffering, deterioration of health, and ultimately the tragic death of Mr. Johnson.

196.   During the time that Mr. Johnson's health continued to deteriorate, Defendants, pursuant to the Fourteenth Amendment, were required to provide and/or obtain adequate medical care for the Decedent's obvious and serious medical needs.

197.   However, to the contrary, Defendants acted with malice, recklessness, and/or deliberate indifference when they failed to provide any care, evaluation, or treatment that was necessary to assess Mr. Jonhson's medical needs.

198.   Defendants, despite their knowledge of Decedent's medical emergency, failed to take steps to prevent the injury, including but not limited to transporting Decedent to the hospital, or taking other steps to prevent the harm.

199.   The actions and/or omissions of the various Defendants constitute a deliberate indifference to the serious medical needs of Mr. Johnson and demonstrated a reckless, willful and/or wanton disregard for the health and safety of Mr. Johnson in violation of the Eighth Amendment.

200.   Defendants also acted, under color of law, with gross negligence and deliberate indifference to Plaintiff's decedent's safety, protection, and medical needs by:

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

*Lark v. Thomas, et al*                                                    Michael L. Jones, Esq.
Case No.:                                                                       Jon R. Marko, Esq.

a. Failing to properly render the appropriate medical attention to an inmate who ingested drugs;

b. Failing to provide decedent with appropriate supervision given his medical needs and obvious symptoms;

c. Failing to properly address Plaintiff's decedent's immediate medical issues, and decedent's health and safety;

d. Failing to place Plaintiff's decedent in a safe environment so that he could receive necessary medical treatment;

e. Failing to properly supervise Plaintiff's decedent throughout the night of December 10, 2021 and the early morning of December 11, 2021, knowing the risk decedent posed to himself;

f. Failing to immediately transfer Plaintiff's decedent to the hospital the night of December 10, 2021, after learning of decedent's drug ingestion, knowing the serious medical needs of the decedent;

g. Failing to act in other ways that exposed Plaintiff's decedent to a known, extreme risk to his health and safety that may or will become known during discovery.

201.     As a direct and proximate result of the actions and/or omissions of the Defendants, Mr. Johnson suffered great pain, emotional distress, suffering, and early death.

202.     As a direct and proximate result of the actions and/or omissions of the Defendants, the Estate has sustained and is entitled to compensation for conscious pain and suffering of the deceased during the period intervening between the time of the injury and death, funeral and burial expenses, damages for the loss of financial support and loss of society and companionship of the deceased.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                                                                   Michael L. Jones, Esq.
Case No.:                                                                                                    Jon R. Marko, Esq.

203. Mr. Johnson is survived by five or more persons eligible to recover damages under the Wrongful Death Act.

204. By the aforementioned actions and/or omissions, Defendants have deprived Mr. Johnson of the rights secured by the Eighth Amendment to the United States Constitution.

WHEREFORE Plaintiff respectfully requests compensatory non-economic and economic damages, including but not limited to all damages recoverable under the United States Constitution and/or 42 U.S.C. § 1983 and/or 28 U.S.C. § 794 and/or the laws of the State of Michigan, including, but not limited to the Michigan Wrongful Death Act, punitive damages, reasonable attorney fees, costs and interest, and such other relief as appears reasonable and just under the circumstances.

## COUNT II – *MONELL* CLAIM
(As to Defendant Muskegon County and Defendant HealthWest)

205. Plaintiff hereby realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully stated herein.

206. Pursuant to 42 U.S.C. § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendant owed Mr. Johnson certain duties to properly supervise, monitor and train its correctional officers and staff so as to monitor and supervise the jail's inmates so that they would detect serious medical conditions and facilitate prompt and immediate medical attention and/or transport to a hospital.

207. That Defendant, in its representative and official capacity, has

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*
Case No.:

Michael L. Jones, Esq.
Jon R. Marko, Esq.

MARKO LAW

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKOLAW.COM

maintained a custom and policy of improper training and supervision of its jail employees. Defendant is not protected by governmental immunity when following a policy that deprives individuals of their constitutional rights. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 692 (1978).

208. Defendant owed Johnson the following duties and obligations:

   a. To use due care and caution;

   b. To adequately and properly create and promulgate guidelines and policies that comply with the requirements of 42 U.S.C. § 1983 regarding the incarceration of prisoners and the supervision of prisoners, especially those who are mentally, emotionally, and physically unstable;

   c. To adequately and properly create and promulgate guidelines and policies that comply with the requirements of 42 U.S.C. § 1983 regarding the incarceration of prisoners who have drug addiction problems and appropriately respond and act when a prisoner is in distress and is experiencing overdose symptoms;

   d. To adequately and properly train and supervise correction officers and employees of the Muskegon County Jail under Defendant's supervision on the proper method of supervising prisoners and providing for their medical needs and on effectively responding to prisoners who have or are suspected to have drug addiction, drug overdose, and drug withdrawal problems; and

   e. To avoid hiring or selecting individuals who Defendant knows or should know are incapable of performing their responsibilities or who are likely to misuse or abuse the power conferred on them as employees of the Muskegon County Jail.

209. Defendant breached these duties via its policies, procedures,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                    Michael L. Jones, Esq.
Case No.:                                                      Jon R. Marko, Esq.

regulations, customs and/or lack of training and thus exhibited a reckless indifference toward its prisoners, and Marleon Johnson specifically, in the following ways, including but not limited to:

    a.  Defendant's failure to staff the jail with competent medical personnel;

    b.  Defendant's failure to monitor their correctional officers and medical personnel to ensure that they adequately monitor and supervise prisoners who have serious medical needs;

    c.  Defendant's failure to monitor their correction officers and medical personnel to ensure that they follow jail procedures and transfer inmates in need of medical treatment;

    d.  Defendant's failure to have proper policies and procedures, and training to deal with prisoners experiencing overdose symptoms and ensure that the policies and/or procedures are followed, which include serial examinations by competent and licensed medical health personnel like RNs and Doctors, transfers to the hospital, as well as its failure to ensure the correctional officers and medical staff conduct timely and adequate rounds and record their observations of the inmates as required by their own policies and/or procedures;

    e.  Defendant's failure to require that an RN, Doctor, or other Health Professional perform a full and complete examination of a prisoner experiencing overdose symptoms who was specifically placed in a medical observation cell;

    f.  Defendant's failure to have proper policies and procedures, and training to deal with prisoners who have ingested drugs to ensure that Muskegon County Jail staff can immediately and appropriately respond and act when a prisoner is in distress and is experiencing overdose symptoms;

    g.  Defendant's failure to fully investigate and discipline its correctional officers and/or medical personnel who do not abide by policies and procedures relative to providing medical care for serious conditions; and,

    h.  All other breaches learned through the course of discovery.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

210.    Defendant trained its Muskegon County Jail officials and/or employees

and agents in such a reckless and grossly negligent manner, that it was inevitable that the

officials would place a prisoner suffering from overdose symptoms in a place where he

would not be supervised when it was obvious that such a prisoner needed constant

supervision and medical treatment. Notwithstanding Marleon's obvious medical issues and

request for help, Defendant repeated and acquiesced in the continued practice of not

transferring prisoners suffering from overdose symptoms, such as Marleon, to the hospital

and acquiesced in the repeated and continued practice of not adequately treating prisoners

in obvious need of treatment.

211.    The failure of the Defendant to provide training and supervision

regarding the prevention of overdose deaths amounts to deliberate indifference to the safety

and lives of the prisoners of the Muskegon County Jail and particularly Marleon Johnson.

212.    Defendant knew or in the exercise of reasonable care should have

known that individual jail officials had engaged in misconduct and other violations of the

constitutional rights of prisoners at the Muskegon County Jail, more specifically of

Marleon.

213.    Defendant failed to thoroughly investigate the improper practices and to

supervise and train the jail officials at the Muskegon County Jail.

214.    As a direct and proximate result of the above cited violations of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                          Michael L. Jones, Esq.
Case No.:                                                        Jon R. Marko, Esq.

Plaintiff's civil rights by Defendants, Marleon died and thus his estate, through Tunisia

Lark, has and will continue to suffer damages in the future, including, but not limited to:

    a. Reasonable funeral and burial expenses;

    b. Reasonable compensation for the pain and suffering undergone by Marleon while he was conscious during the time between his first overdose symptoms and his death;

    c. Loss of comfort, society, and companionship;

    d. Compensatory and punitive damages; and

    e. Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

## COUNT III:
## GROSS NEGLIGENCE, INTENTIONAL, WILLFUL, AND WANTON CONDUCT – ALL DEFENDANTS

219.    Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

220.    At all times relevant hereto, the individually named officers, deputies, and/or corrections officers acted within the course and scope of their employment with Muskegon County.

221.    Defendants owed Johnson the duty to provide medical care for his serious medical needs.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

222.    Defendants, acting within the scope of their employment, breached this duty and were grossly negligent as that term is defined in MCL § 691.1407(2)(c), when they acted intentionally and/or with willful and wanton disregard for the health and welfare and safety of the decedent by the actions described above; said acts having been committed intentionally or so recklessly as to demonstrate a substantial lack of concern as to whether injury would result and/or their acts of willful and wanton misconduct toward Johnson and in disregard for his health, safety and constitutional/statutory rights.

223.    At all relevant times, Defendants were grossly negligent and/or committed acts of willful and wanton misconduct in one or more of the following ways:

a.      Failure to properly train jail personnel in evaluating whether a detainee needs medical treatment, especially with regard to acute drug intoxication and/or overdose;

b.      Failing to care for the basic needs of detainees and inmates, specifically those of Johnson;

c.      Disregarding Johnson's obvious signs of deterioration, and objectively serious medical needs;

d.      Failing to timely have Johnson evaluated by a doctor;

e.      Failing to timely transfer Johnson to the medical ward and/or a hospital who was equipped with dealing with opiate users;

f.      Failing to refrain from acting with gross negligence or deliberate indifference toward or willful disregard of any violation of Johnson's constitutional rights;

g.      Failing to refrain from intentionally denying or delaying access to appropriate medical care;

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Lark v. Thomas, et al*                                                          Michael L. Jones, Esq.
Case No.:                                                                        Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

h.      Any other breaches which become known during discovery.

224.    Defendants' conduct was and remains extreme and outrageous, subjecting Defendants to punitive damages.

225.    As the direct and proximate result of the above cited violations of Johnson's civil rights by Defendants, Johnson died and thus his estate, through Tunisia Lark has and will continue to suffer damages in the future, including, but not limited to:

a.      Reasonable funeral and burial expenses;

b.      Reasonable compensation for the pain and suffering undergone by Johnson while he was conscious during the time between his first symptoms and his death;

c.      Loss of financial support;

d.      Loss of service;

e.      Loss of gifts or other valuable gratuities;

f.      Loss of society and companionship; and

g.      Any and all other damages identified through the course of discovery otherwise available under the Michigan Wrongful Death Act, MCLA § 600.2922.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, including punitive damages under 42 U.S.C. § 42, in excess of $75,000.00 together with interest, costs and attorney's fees.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                         Michael L. Jones, Esq.
Case No.:                                                      Jon R. Marko, Esq.

Respectfully submitted,

/s/ *Michael L. Jones*

Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 777-5785
Email: michael@markolaw.com

Date: February 14, 2024

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **February 14, 2024** via:

☐ U.S. Mail                          ☐ Fax
☐ Hand Delivered               ☐ Overnight Carrier
☐ Certified Mail                   ☐ Other:  Mi-FILE Truefiling
☒ ECF System                     ☐ Email

*/s/ Devynn Stepowski*

---

34
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                                                    Michael L. Jones, Esq.
Case No.:                                                                      Jon R. Marko, Esq.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TUNISIA LARK, as Personal Representative
of the ESTATE OF MARLEON JOHNSON

               Plaintiff,              Case No.   1:24-cv-144

-vs-                                Hon.

SHARNE THOMAS, DAVID VANWINKLE,
ZACHARY DEFOUW, JESSICA VARAO,
GABRIEL NEVINS, JUSTIN WALL, KENDRICK
FOSTER, SELINA HUNTER in their individual
capacities, MUSKEGON COUNTY, and
HEALTH WEST, LLC

               Defendants.

Michael L. Jones (P85223)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5728
michael@markolaw.com
devynn@markolaw.com

## **DEMAND FOR TRIAL BY JURY**

    NOW COMES Plaintiff, TUNISIA LARK, as Personal Representative of the

ESTATE OF MARLEON JOHNSON, by and through her attorneys, MARKO LAW,

PLLC, and hereby demands a trial by jury in the above-captioned matter.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                          Michael L. Jones, Esq.
Case No.:                                    Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

/s/ *Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 777-5785
Email: michael@markolaw.com

Date: February 14, 2024

## <u>PROOF OF SERVICE</u>

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **February 14, 2024** via:

☐ U.S. Mail      ☐ Fax
☐ Hand Delivered    ☐ Overnight Carrier
☐ Certified Mail     ☐ Other: <u>Mi-FILE Truefiling</u>
☒ ECF System      ☐ Email

/s/ *Devynn Stepowski*

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lark v. Thomas, et al*                         Michael L. Jones, Esq.
Case No.:                                Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7-LAW
F: (313) 771-5785

MARKO LAW