UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TUNISIA LARK,

Plaintiff,

v.

SHARNE THOMAS et al.,

Defendants.
______________________________/

CASE NO. 1:24-cv-0144

HON. ROBERT J. JONKER

**ORDER**

This is a civil rights case brought by the estate of Marleon Lark, a pretrial detainee who died while incarcerated at Muskegon County Jail. (ECF No. 36, PageID.444.) The complaint alleges that guards and medical staff who were working at the jail were deliberately indifferent to Mr. Lark's serious medical needs. (*Id.*) The defendants have submitted three separate motions for summary judgment, asserting generally that they were not aware that Mr. Lark was in need of serious medical attention. (ECF Nos. 97, 99, and 101.)

The case was referred to Magistrate Judge Vermaat. On April 20, 2026, Magistrate Judge Vermaat issued a Report and Recommendation (R&R) addressing each of the three motions for summary judgment. (ECF No. 122.) The R&R applied the then-controlling framework for pretrial detainee deliberate-indifference claims. (*Id.* at PageID.2516.) In doing so, the R&R relied on the Sixth Circuit's decision in *Brawner v. Scott County*, 14 F.4th 585, 596 (6th Cir. 2021). Prior to *Brawner*, a pretrial detainee needed to show that a defendant actually knew of and disregarded a substantial risk of harm; after *Brawner*, the pretrial detainee needed only to show "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

On September 8, 2026, the Sixth Circuit issued an en banc decision that overturned

*Brawner* and returned the Circuit to the subjective standard that the Circuit had previously applied to pretrial detainee deliberate-indifference claims. *See Poynter v. Shirley*, No. 25-5188 (6th Cir. Sept. 8, 2026). After *Poynter*, a detainee must show that the defendant both knew of and actually disregarded a substantial risk of serious harm to the detainee. *Id.* at 13. ("To assess whether a pretrial detainee ha[s] been punished by the state, we ask[] the following: Was there a 'substantial risk of serious harm' the state knew about and disregarded?")

This change in the law has a direct effect on this case. In the R&R, the Magistrate Judge applied the framework established in *Brawner*, and he also relied on a string of cases that applied *Brawner's* objective standard to pretrial detainee deliberate-indifference claims. (*See* ECF No. 122, PageID.2516–2518 (citing *Greene v. Crawford County*, 22 F.4th 593, 607 (6th Cir. 2022); *Helphenstine v. Lewis County*, 60 F.4th 305, 317 (6th Cir. 2023); *Hehrer v. County of Clinton*, 161 F.4th 955, 964 (6th Cir. 2025). The parties also briefed the case under these standards. Given the change in law effected by *Poynter,* the most appropriate action at this point is to remand the case to the Magistrate Judge so that he can assess the impact of the Sixth Circuit decision in the first instance, including having the parties brief the issues under the new, and now controlling, standards. Accordingly, Defendants' motions for summary judgment (ECF Nos. 97, 99, and 101) are **DENIED WITHOUT PREJUDICE**. Additionally, the Magistrate Judge's R&R (ECF No. 122) is **DISMISSED AS MOOT**. The Magistrate Judge will enter a scheduling order addressing future proceedings.

**IT IS SO ORDERED.**

Dated: September 10, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE